IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JANICE GROUNDS,   No. 3:17-cv-01190-HZ

          Plaintiff,

   v.

UNITED STATES OF AMERICA,   OPINION & ORDER
acting by and through the Department
of Energy and the Bonneville Power
Administration, and RICK PERRY,
Secretary of the Department of Energy,

          Defendants.

Beth Ann Creighton
Michael E. Rose
CREIGHTON & ROSE, PC
Powers Building
65 SW Yamhill Street, Suite 300
Portland, OR 97204

    Attorneys for Plaintiff

1- OPINION & ORDER

Dianne Schweiner
US ATTORNEY'S OFFICE – DISTRICT OF OREGON
Civil Division
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorney for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Janice Grounds brings this employment discrimination action against Defendants United States of America, acting by and through the Department of Energy and the Bonneville Power Administration ("BPA"); and Rick Perry, Secretary of the Department of Energy. Plaintiff alleges discrimination based on gender under Title VII of the Civil Rights Act of 1964 and Oregon's analogous statute, Oregon Revised Statute § ("O.R.S.") 659A.030(1)(b). Plaintiff also alleges a violation of the Equal Pay Act, 29 U.S.C. § 206(d).

Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Court grants Defendants' motion and dismisses Plaintiff's case.

## BACKGROUND

On February 4, 2012, Plaintiff began working at BPA, a federal non-profit agency which is part of the United States Department of Energy. Compl. ¶¶ 4-5, ECF 1. She alleges that she was discriminated against in the terms and conditions of her employment and was not promoted because she is a woman. *Id.* at ¶ 22. She also alleges that she was paid less than her male counterparts. *Id.* at ¶¶ 6-20.

Plaintiff's Complaint alleges that she was hired, employed, and paid by BPA. Compl. ¶¶ 3-7. However, in a declaration attached to her Opposition to Defendants' Motion to Dismiss, Plaintiff declares that her employer is Flux, a temporary agency that paid her for her work at

BPA. Grounds Decl. Dec. 28, 2018 ("Grounds Decl.") ¶¶ 6, 11, ECF 28. For the purposes of this Opinion, the Court assumes that Plaintiff alleges that both BPA and Flux are her employers.

## STANDARDS

### I. Subject Matter Jurisdiction

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over her claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.,* 503 F.3d 974, 979–80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1996) (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court). "No presumptive truthfulness attaches to plaintiff's allegations." *Id.* at 685 (internal quotation omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.,* 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

///

**DISCUSSION**

**I.     Title VII Claim**

Defendants argue that Plaintiff failed to exhaust her administrative remedies and, thus, this Court lacks subject matter jurisdiction over her Title VII gender discrimination claim. The Court agrees.

Before bringing a Title VII claim, a federal employee must first exhaust all administrative remedies. 42 U.S.C. § 2000e-16(c); *Sommatino v. United States*, 255 F.3d 704, 707-708 (9th Cir. 2001). Under the Title VII statutory and regulatory scheme, a federal employee must notify an Equal Employment Opportunity ("EEO") Counselor of discriminatory conduct within 45 days of the alleged conduct. *Id.*; 29 C.F.R. § 1614.105(a)(1); *see also Kerr v. Jewell*, 836 F.3d 1048, 1054 (9th Cir. 2016). If the matter is not resolved by the counselor, the employee may file a formal discrimination complaint with the agency's EEO office. *See Kerr*, 836 F.3d at 1054 (citing 29 C.F.R. §§ 1614.105(d), 1614.106(a)). When the EEO office issues a final decision, the employee has the right to appeal the decision to the EEOC or file a civil action in federal district court. *Id.*

Title VII's regulatory deadlines for administrative exhaustion are not a jurisdictional requirement; rather, they are conditions precedent to filing an action which are subject to waiver, estoppel, or equitable tolling. *Sommatino*, 255 F.3d at 708; 29 C.F.R. § 1614.604. However, "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite" to a Title VII claim. *Id.* The district court does not have subject matter jurisdiction in "cases where a plaintiff has never presented a discrimination complaint to the appropriate administrative authority." *Id.* (citing *Blank v.*

*Donovan,* 780 F.2d 808, 809 (9th Cir. 1986); *Scott v. Perry,* 569 F.2d 1064, 1065–66 (9th Cir. 1978)).

Plaintiff does not contend that waiver, estoppel, or equitable tolling apply to excuse her from compliance with §1614.05. Pl.'s Resp. Defs.' Mot. Dismiss 6, ECF 27 ("[W]aiver, estoppel, and equitable tolling . . . are not at issue in the present motion.") Therefore, whether her Title VII claim was administratively exhausted "depends solely upon whether she 'initiate[d] contact with a Counselor within 45 days of the date of [each] matter alleged to be discriminatory.'" *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch,* 572 F.3d 1039, 1043 (9th Cir. 2009) (quoting 29 C.F.R. §1614.105(a)(1)).

Plaintiff filed this lawsuit on July 31, 2017. Compl. Prior to filing her lawsuit, Plaintiff did not present her discrimination complaint to any administrative authority—she did not contact an EEO counselor, nor did she file a formal discrimination complaint with BPA's EEO office. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

While implicitly acknowledging her failure to present her discrimination complaint to the appropriate administrative authority prior to filing suit, Plaintiff nevertheless argues that she demonstrated "substantial compliance" and should be allowed to proceed. Her "substantial compliance" argument is based upon her formal EEOC complaint in August of 2017 and her contact of an EEO counselor in January of 2018. The Court address each in turn.

**A. EEOC Complaint**

Plaintiff argues that, because she filed a complaint with the EEOC, she demonstrated substantial compliance with the requirement to present her complaint to an appropriate administrative agency. Plaintiff's argument is unavailing.

On August 22, 2017, three weeks after filing the present lawsuit, Plaintiff filed a complaint with the EEOC against BPA, alleging that Plaintiff was discriminated against by BPA and David Evans Enterprises (which had formed the temporary agency Flux). Pl.'s Opp. Defs.' Mot. Dismiss, Ex. B, ECF 28-2. On September 5, 2017, EEOC Administrative Judge Steven Gaffin responded to Plaintiff's attorney in a letter and stated that it was not clear from Plaintiff's EEOC complaint whether Plaintiff is a federal employee. Pl.'s Opp. Defs.' Mot. Dismiss, Ex. C, ECF 28-3. Judge Gaffin wrote the following:

> If she is [a federal employee], she must first contact an equal employment opportunity (EEO) counselor at the BPA where she worked . . . within 45 days of the personnel action or conduct causing her to believe she was discriminated against." *Id.*

He also explained that if Plaintiff intended to file a charge of discrimination against David Evans Enterprises (*aka* Flux), then she must contact the EEOC and file a private sector charge. *Id.*

On December 5, 2017, Defendants filed a motion to dismiss Plaintiff's Title VII claim for failure to exhaust her administrative remedies. Defs.' Mot. Dismiss, Dec. 5, 2017, ECF 4. Defendants argued that Plaintiff had not filed an EEO complaint with BPA. *Id.* at 4. Defendants moved to dismiss Plaintiff's claim or, if Plaintiff intended to file an EEO complaint, to stay proceedings until administrative remedies were exhausted. *Id.* at 5.

On January 16, 2018, Plaintiff filed an unopposed motion to stay all proceedings. Pl.'s Mot. Stay, ECF 9. In her motion, Plaintiff wrote:

> Plaintiff filed a complaint with the EEOC in August of 2017. The filing was not processed because she did not exhaust the EEO process at BPA. She has since initiated the EEO process at BPA and is awaiting a response. Defendant BPA agrees to stay this case while the administrative process is pending.

*Id.* Plaintiff did not specify in her motion when she initiated the EEO process at BPA. However, Plaintiff does not contest the date in a declaration submitted by Defendant from BPA Equal Employment Specialist Angela Dowling, who states that she received a voicemail from Plaintiff

6- OPINION & ORDER

regarding filing an EEO complaint on January 12, 2018. Dowling Dec. 6, 2018 Decl. ("Dowling Decl.") ¶ 3, ECF 22. Thus, the Court accepts as true that Plaintiff's first contact with Ms. Dowling was on January 12, 2018.[1]

Plaintiff and Defendants agree that Ms. Dowling returned Plaintiff's phone call and left a voicemail message. They disagree about the contents of the message. Plaintiff declares that Ms. Dowling "informed me that I was not a federal employee so I did not need to use the EEO process and to call her back if I had any questions." Grounds Decl. ¶ 15. Ms. Dowling declares that her voicemail message simply indicated that Ms. Dowling was returning Plaintiff's call. Dowling Decl. ¶ 3. Ms. Dowling declares that she never said that Plaintiff was precluded from filing an EEO complaint. *Id.* at ¶ 5. There is no dispute that Plaintiff never called Ms. Dowling back after the voicemail message and she took no further action to pursue filing an EEO complaint.

A plaintiff does not necessarily have to contact the agency's designated EEO counselor to comply with the requirement to contact an EEO counselor. *See, e.g., Kraus,* 572 F.3d at 1044-46 (finding a complaint to an agency's EEO "officer" sufficient to comply with the requirement to contact the EEO "counselor"). However, in order to meet the requirement, a plaintiff must at least initiate contact an "agency official logically connected with the EEO process" and exhibit "an intent to begin the EEO Process." *Id.* at 1044 (quoting EEOC Management Directive 110, at ch. 2, § I.A. n. 1). "[T]he purpose of Title VII's exhaustion requirements . . . is to provide

---

[1] *Justice v. Rockwell Collins, Inc.*, 117 F. Supp. 3d 1119, 1134 (D. Or. 2015), *aff'd,* 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded"); *see also Samper v. Providence St. Vincent Med. Ctr.,* 2010 WL 3326723, *16 (D. Or. Aug. 23, 2010), *aff'd,* 675 F.3d 1233 (9th Cir. 2012) ("[plaintiff] does not address this argument in her opposition and, thus, she appears to concede that she is unable to state a claim"); *Blanck v. Hager*, 220 Fed. Appx. 697, 698 (9th Cir. 2007) (determining that Appellant forfeited his right to challenge a dispositive issue by not raising it in his opening or reply brief).

7- OPINION & ORDER

[agencies with] an opportunity to reach a voluntary settlement of . . . employment discrimination dispute[s]" through informal processes before resorting to the formal EEO complaint process. *Jasch v. Potter,* 302 F.3d 1092, 1094 (9th Cir. 2002); *see also Kraus,* 572 F.3d at 1045 (explaining that the goal requiring exhaustion under Title VII is to give federal agencies an opportunity to handle matters internally whenever possible).

This Court has previously held that "contacting the EEOC, an entirely separate agency, is not a contact with the agency at issue." *Tocci v. Napolitano*, 791 F. Supp. 2d 994, 1004 (D. Or. 2011). Thus, Plaintiff's EEOC complaint does not comprise compliance with the requirement to initiate contact with an agency official logically connected with the EEO process.

In addition, even assuming Judge Gaffin qualifies as an agency official logically connected with the EEO process, Plaintiff's actions fail to exhibit an intent to begin the EEO process. Despite being informed by Judge Gaffin that contacting an EEO counselor at BPA within 45 days of the discriminatory conduct was a prerequisite to exhausting her administrative remedies, Plaintiff failed to initiate contact with an EEO counselor for four months after Judge Gaffin's letter. *See, e.g. Williams v. McDonald*, No. 3:15-CV-01710-HZ, 2016 WL 868803, at *3 (D. Or. Mar. 6, 2016), *aff'd sub nom. Williams v. Sec'y of Veterans Affairs*, 682 F. App'x 615 (9th Cir. 2017) (finding that "the fact that Plaintiff possessed the correct information but failed to follow up with an EEO counselor ultimately show[ed] a lack of intent to file an EEO complaint). Thus, Plaintiff's complaint with the EEOC in August of 2017 does not satisfy the requirement of presenting her discrimination complaint to the appropriate administrative agency.

///

### B. Phone calls to Ms. Dowling

On the other hand, Plaintiff's phone call to Ms. Dowling on January 12, 2018 is sufficient to constitute contact with an EEO Counselor.[2] However, Plaintiff's phone call does not exhibit an intent to begin the EEO process.

Even taking all the facts alleged by Plaintiff as true, at most she states that she left a voicemail for Ms. Dowling stating that she worked for David Evans (Flux), she had been at BPA for five years, she had been doing the same job "as everyone in [her] group" but making half the pay, and she wanted to know if the EEOC process for federal employees applied to contractors as well. Grounds Decl. ¶ 14. Plaintiff's voicemail did not allege gender discrimination, nor did she state that she wanted to file an EEO complaint. Further, after she received a call back from Ms. Dowling, Plaintiff took no further action to begin the EEO process.

In Plaintiff's response brief, she puts forth an argument that resembles a futility defense—she states that the Court should deem her in substantial compliance with the requirement to exhaust her administrative remedies because Ms. Dowling's voicemail foreclosed her from proceeding further and compromised her ability to pursue her administrative remedies. Pl.'s Resp. Defs.' Mot. Dismiss 6. Plaintiff cites *You v. Longs Drugs Stores California, LLC*, 937 F. Supp. 2d 1237, 1250 (D. Haw. 2013), *aff'd sub nom. You v. Longs Drug Stores California LLC*, 594 F. App'x 438 (9th Cir. 2015), for the proposition that a plaintiff may be found in substantial compliance when she was prevented from "even get[ting] though the EEOC's front door." However, the court in *You* discussed this principle in a case where there was no dispute

---

[2] EEO Counselor contact is interpreted pragmatically to include contact with agency officials who have EEO counseling responsibilities or counseling connections, without attributing dispositive significance to job titles. *Kraus,* 572 F.3d at 1045. Ms. Dowling declares that she was the sole Equal Employment Specialist responsible for EEO intake at BPA. Dowling Decl. ¶ 2. Thus, the Court assumes for the purposes of this motion that Ms. Dowling qualifies as an "EEO Counselor."

that the EEOC would have refused the claimant's claim. *Id.* Here, Plaintiff was represented by an attorney and she was provided guidance by the EEOC ALJ on how to pursue her allegations of discrimination, yet she never called Ms. Dowling back or made any other effort to pursue her claim. Any argument that it would have been futile to pursue her complaint is purely speculative.[3]

Furthermore, even if Plaintiff's call to Ms. Dowling exhibited an intent to begin the EEO process, Plaintiff offers no argument, such as waiver, estoppel, or equitable tolling, as to why she should be excused from the requirement to initiate contact with an EEO Counselor before filing her claim in court. *See Sommatino*, 255 F.3d at 707 ("In order to bring a Title VII claim in district court, a plaintiff must *first* exhaust her administrative remedies) (emphasis added) (citing 42 U.S.C. § 2000e–16(c)). No matter how the Court construes the facts, Plaintiff never presented a discrimination complaint to Ms. Dowling or anyone else at BPA before she filed this lawsuit and she offers no argument as to why she should be excused from this requirement. In sum, the Court finds that Plaintiff failed to exhaust her administrative remedies.

## II.    State Law Discrimination Claim – O.R.S. 659A.030(1)(b)

Plaintiff also brings a discrimination claim under Oregon state law. However, the remedies for a federal employee's discrimination claims are found in federal, not state statutes.

---

[3] The Court also notes that the Ninth Circuit has declined to rule on whether a futility exception exists to the exhaustion requirements of Title VII, *Thomas v. McCarthy*, 714 F. App'x 674, 676 (9th Cir. 2017), and the *You* decision cited by Plaintiff also noted the lack of authority to support a "futility" exception. *See You,* 937 F. Supp. 2d at 1250, (citing *Woodward v. Salazar,* 731 F. Supp. 2d 1178, 1192–93 (D. N.M. 2010) (noting a plaintiff's failure to cite authority that Title VII allows futility to excuse exhaustion); *Murphy v. West,* 945 F. Supp. 874, 876 (D. Md. 1996), *aff'd on other grounds,* 172 F.3d 863 (4th Cir. 1999) ("Plaintiffs have cited no case authority for their extraordinary proposition, and my own research has not located any substantial support for the creation of a 'futility' exception to the Title VII exhaustion requirement, and certainly no support for the assertion that the administrative process may be disregarded in its entirety.")).

*Williams v. McDonald*, No. 3:15-CV-01710-HZ, 2016 WL 868803, at *4 (D. Or. Mar. 6, 2016), *aff'd sub nom. Williams v. Sec'y of Veterans Affairs*, 682 F. App'x 615 (9th Cir. 2017); *see also Charles v. Garrett*, 12 F.3d 870, 873 (9th Cir. 1993) ("A federal employee's exclusive remedy to challenge discriminatory employment practices in the federal government is Section 717 of Title VII of the Civil Rights Act[.]"). As a result, the Court dismisses Plaintiff's state law claim.

### III.  Equal Pay Act

Defendants move to dismiss Plaintiff's Equal Pay Act claim, arguing that Plaintiff is required to bring her claim in the Court of Federal Claims. The Court agrees.

The Equal Pay Act ("EPA") was enacted in 1963 as an amendment to the Fair Labor Standards Act and was extended to apply to the Federal Government in 1974. 29 U.S.C. §§ 201, 203(e)(2). An employee alleging a violation of the EPA may file an action against her employer "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). All EPA claims brought in district court must satisfy the jurisdictional requirements of 28 U.S.C. §§ 1491 (the "Tucker Act") and 1346(a)(2) (the "Little Tucker Act"). *Bowe-Connor v. Shinseki*, 845 F. Supp. 2d 77, 95 (D.D.C. 2012); *Doe v. Dep't of Justice,* 753 F.2d 1092, 1101 (D.C. Cir. 1985).

Plaintiff argues that the Court of Federal Claims' jurisdiction over EPA claims is concurrent with that of the district court. Plaintiff is correct as to claims for less than $10,000. The Little Tucker Act confers concurrent jurisdiction in a federal district court and the Court of Federal Claims for non-tort civil actions against the United States for amounts not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims exceeding $10,000, however, jurisdiction lies exclusively with the Court of Federal Claims. *Id.* at § 1491.

11- OPINION & ORDER

Therefore, whether this Court has jurisdiction over Plaintiff's EPA claim hinges upon the amount of Plaintiff's claim. The Complaint does not assert a specific amount claimed. Defendants, however, contend that the Court may infer that Plaintiff's claim exceeds $10,000 because "when calculating the dates and amounts alleged in Plaintiff's complaint wherein Plaintiff alleges she was paid less than her male counterparts, Plaintiff's EPA claim seeks over $250,000 in damages." Defs.' Mot. Dismiss 9.

Plaintiff does not provide any argument or evidence showing that her claim does not amount to at least $10,000 and, thus, she seemingly concedes Defendants' position that her claim exceeds that amount. *See supra* p.7 n.1 (citing authority for the proposition that where a plaintiff does not address an argument in her opposition, the court may treat that argument as conceded). Instead, Plaintiff argues that "it may be" that the Court of Federal Claims lacks jurisdiction over her EPA claim, regardless of the amount of her claim. Pl.'s Resp Defs.' Mot. Dismiss 9. According to Plaintiff, an EPA claim is a claim that sounds in tort and, because the Court of Federal Claims does not have jurisdiction to hear tort claims, it lacks jurisdiction to hear EPA claims.

Agreeing with Plaintiff would mean finding that the Court of Federal Claims has erred for over thirty years in resolving EPA claims. Since at least 1987, the Court of Federal Claims has exercised jurisdiction over EPA claims. *Molden v. United States*, 11 Cl. Ct. 603, 604 (1987). And, both the Court of Federal Claims and Court of Federal Appeals continue to assert jurisdiction over EPA claims.[4] *See, e.g., Kaplan v. United States*, 727 F. App'x 1011, 1015 (Fed.

---

[4] This Court's cursory search of cases from the Court of Federal Claims found at least 40 cases in which the Court of Federal Claims decided Equal Pay Act cases in the last 10 years, including at least six in 2018 and 2019. *See, e.g., King v. United States,* 112 Fed. Cl. 396, 400 (2013) ("The COFC has long been recognized by the Federal Circuit and other circuit courts of appeals as the exclusive 'federal court' with jurisdiction to hear FLSA claims by federal employees in excess of $10,000 under the provisions of the Tucker Act.").

Cir. 2018) (affirming the Court of Federal Claims' judgment on an EPA claim); *see also Tallacus v. United States,* 113 Fed. Cl 149, 156 (2013) (denying a motion to transfer plaintiff's EPA claim to the District Court of Oregon and holding that the Court of Federal Claims had jurisdiction to adjudicate plaintiff's EPA claim). Further, although the Court does not find a controlling decision from the Ninth Circuit regarding this precise issue, numerous district courts and appellate courts from all over the country have confronted this issue and concluded that EPA claims in excess of $10,000 must be brought in the Court of Federal Claims. *See, e.g., Conner v. West*, 56 F. App'x 229, 231 (6th Cir. 2003) (district court lacked jurisdiction over EPA claim because it exceeded $10,000); *Barnes v. Levitt*, 118 F.3d 404, 410 (5th Cir. 1997) ("Under the Tucker Act, 28 U.S.C. § 1491, a plaintiff asserting an Equal Pay Act cause of action must bring that action in the Court of Federal Claims if the claim, including the fees sought, exceeds $10,000."); *Philbert v. Wilkie*, No. 217CV00929CASKKX, 2018 WL 1918518, at *2 (C.D. Cal. Apr. 20, 2018) (transferring plaintiff's EPA claim to the Court of Federal Claims because the district court lacked jurisdiction based on the amount in controversy); *Ashbourne v. Geithner*, No. CIV.A. RWT-11-2818, 2012 WL 2874012, at *4 (D. Md. July 12, 2012), *aff'd,* 491 F. App'x 429 (4th Cir. 2012) (dismissing EPA claim for lack of jurisdiction where the claim exceeded $10,000); *Scott v. McHugh*, No. 5:10CV00184 SWW, 2011 WL 1464853, at *3 (E.D. Ark. Apr. 15, 2011) (dismissing EPA claim where the plaintiff did not provide an "unequivocal limitation of her damages to $10,000.00 which would allow the Court to conclude it has subject matter jurisdiction); *Moorehead v. Chertoff*, No. C05-1767JLR, 2007 WL 737370, at *2 (W.D. Wash. Mar. 5, 2007) (acknowledging that the Ninth Circuit has not decided this precise jurisdictional question but transferring plaintiff's EPA claim to the Court of Federal Claims based on the rationale of prior cases and the plain language of 28 U.S.C. § 1346); *Bolden v. Ashcroft*, 515 F.

Supp. 2d 127, 136 (D.D.C. 2007) (dismissing claim for lack of jurisdiction because it far exceeded "the $10,000 limit); *Iyer v. Everson*, 382 F. Supp. 2d 749, 759 (E.D. Pa. 2005), *aff'd*, 238 F. App'x 834 (3d Cir. 2007) (dismissing plaintiff's EPA claim for lack of jurisdiction because it exceeded $10,000).

Notably, Plaintiff cites no case that holds that the Court of Federal Claims lacks authority to hear EPA claims because they are tort claims. Considering the numerous cases finding that Plaintiff must bring her EPA claim exceeding $10,000 in the Court of Federal Claims and the absence of any authority to the contrary, the Court dismisses Plaintiff's EPA claim for lack of jurisdiction.

## IV. Leave to Amend

Plaintiff requests leave to amend her Complaint. Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires." "[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995). Because there are facts that could cure the lack of subject matter jurisdiction, such as an amount claimed of less than $10,000, the Court grants Plaintiff leave to amend the Complaint.

///

///

///

## CONCLUSION

Defendants' motion to dismiss [21] for lack of subject matter jurisdiction is granted. Plaintiff is granted leave to amend the Complaint within 14 days of the date below. If Plaintiff does not file an amended complaint within 14 days of the date below, this case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this \_\_\_18\_\_\_ day of \_\_\_March\_\_\_, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge